**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
LYNCHBURG DIVISION

| | |
|---|---|
| VALERIA A. CUSTIS,<br>          *Plaintiff,*<br><br>v.<br><br>TRITECH HUMAN RESOURCE OFFICER RUETTECTI HICKS, GCA STAFFING REP. ET AL.<br>          *Defendants.* | 6:17-CV-00021<br><br><br>ORDER<br><br><br><br>JUDGE NORMAN K. MOON |

  This matter is before the Court upon Plaintiff's motion to proceed *in forma pauperis*. Plaintiff's motion is hereby **GRANTED**.

  However, under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), a Court may dismiss an *in forma pauperis* case if the pleading "fails to state a claim . . . ." Here, Plaintiff appears to attempt to assert a Title VII or ADA claim for wrongful termination. However, this information can only be gleaned by looking to the EEOC notices attached to Plaintiff's complaint. The complaint itself does not assert a cognizable theory as to why Plaintiff's termination was wrongful. It only states that Plaintiff was actually fired because she "wouldn't entertain w/ certain talk to the women, to someone's liking, and I think a background check supported that one issue of I didn't conversate to some womens taste." The complaint then directs the reader to the following sheet where Plaintiff describes the circumstances surrounding an assault wherein Plaintiff lunged at her ex-sister in law with a butcher's knife. Considered as a whole, the allegations in the complaint fail to state a claim on which relief can be granted. Accordingly, Plaintiff's case is hereby **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to the *pro se* Plaintiff.

Entered this __7th__ day of March, 2017.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE